JOHN P. COLEMAN, SBN 60844
**BOLLING & GAWTHROP**
A Professional Corporation
8880 Cal Center Drive, Suite 190
Sacramento, California   95826
Telephone:  (916) 369-0777
Facsimile:  (916) 369-2698
Email:  JPC@bwg-inc.com

THOMAS L. VITU, PHV
**MOFFETT VITU**
**LASCOE PACKUS & SIMS, PC**
255 East Brown Street, Suite 340
Birmingham, MI 48009
Email: tvitu@moffettvitu.com
Telephone:  (248) 646-5100
Facsimile:  (248) 646-5332

Attorneys for Defendant
**SUNBEAM PRODUCTS, INC. and**
**JARDEN CORPORATION**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

CATHERINE TOMMASINI, et al.,
Plaintiffs,

v.                                      No. 2:15-cv-02473-TLN-CKD

SUNBEAM PRODUCTS, INC., et al.,
Defendants.

∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷

### AMENDED STIPULATED PROTECTIVE ORDER

THE PARTIES TO THIS LAWSUIT, CATHERINE TOMMASINI and BRIAN

TOMMASINI**,** Plaintiffs, by and through her attorneys of record, John Airola and Mark Harris and

SUNBEAM PRODUCTS, INC. and JARDEN CORPORATION, Defendants, by and through

their attorneys of record, BOLLING & GAWTHROP do hereby stipulate to the entering of the following Protective Order.

IT IS HERBY ORDERED that any and all documents produced or to be produced by any party to this action pursuant to any Request for Production of Documents or Request for Admission, served by any other party, or testimony by way of deposition, Interrogatory, or at trial for which the producing or testifying party asserts a claim of proprietary, confidential, trade secret or otherwise sensitive commercial information shall be subject to this Protective Order.   The documents and testimony are referred to as "Protected Documents" and "Protected Testimony" as hereinafter defined and are to be maintained in a confidential manner under the procedures as hereinafter set forth:

1.      The term "Protected Document" as used herein shall mean any document produced during discovery or at the trial of this action which is of a trade secret, proprietary, confidential, or of a commercially sensitive nature and is designated at the time of production by the producing party to be a "Protected Document".   A "Protected Document" shall continue to be a "Protected Document" until such time as the producing party agrees in writing that the document is no longer considered to be a "Protected Document".   This paragraph includes references to "protected documents" in the remainder of this Order.

2.      The term "Protected Testimony" as used herein shall mean any testimony given by way of deposition, interrogatory or at trial of this action which is of a proprietary, confidential, trade secret, or of a commercially sensitive nature and is designated at the time the testimony is given and designed by the testifying party to be "Protected Testimony".   "Protected Testimony" shall continue to be "Protected Testimony" until such time as the testifying party agrees in writing that the testimony is no longer considered to be "Protected Testimony".   This paragraph includes references to "protected testimony" in the remainder of this Order.

3.     The documents designated and produced as "Protected Documents" and testimony designated as "Protected Testimony" shall be given confidential treatment as described below.

4.     Without further order of this Court, requesting or receiving parties may show "Protected Documents" and "Protected Testimony", and may disclose the contents thereof, only to the following persons (hereinafter referred to as "Qualified Persons"):

        a.    Counsel of record in this action for requesting or receiving party;

        b.    Regular employees of such counsel assigned to and necessary to assist such counsel in the preparation of trial of this action;

        c.    Bona fide independent (i.e., not employed by or affiliated with a party or an affiliated company of a party) trial experts whom counsel, in good faith, reasonably anticipates will testify at trial as experts and only to the extent necessary for preparation or testifying by that expert, subject to all of the terms and conditions of this order, provided that the names and employment affiliations of the experts are provided to all opposing counsel at least ten days in advance of such disclosure, so that opposing counsel may have an opportunity to file an objection with the Court prior to such disclosure, in which case such disclosure shall not occur pending resolution by the Court;

        d.    Bona fide consultants whom counsel, in good faith, reasonably anticipate will not testify at trial as experts but are retained by counsel to aid in preparation for discovery and/or trial;

        e.    Provided that no disclosure shall be made to any person currently employed by any competitor of the party producing the "Protected Document" or giving "Protected Testimony" except upon further order of this Court; provided further that, if such person to whom any "Protected Testimony" or "Protected Documents" have been produced becomes an employee of a competitor, such person shall immediately notify counsel for Plaintiff (who shall in turn immediately notify counsel for Defendant) and all such "Protected Documents" and "Protected Testimony" produced to such person shall be immediately returned to counsel for Plaintiff; and

        f.    The Court.

5.     Every "Protected Document" copied for production (including excerpts, digests, summaries or indices thereof) shall be clearly substantially marked as follows:

AMENDED STIPULATED PROTECTIVE ORDER

CONFIDENTIAL
Produced pursuant to Protective Order
Catherine Tommasini, et. al. vs Sunbeam Products, Inc., et. al.
Court: USDC, CAED
Case No. 2:15-cv-02473-TLN-CKD
DO NOT COPY

and shall remain at all times under the custody of counsel for the party or parties obtaining such documents, or their retained experts only.

6. "Protected Testimony" shall be noted in the record at the beginning and the conclusion of "Protected Testimony" and shall remain at all times under the custody of counsel for the party or parties obtaining such testimony, or their retained experts only.

7. If plaintiffs, or other requesting or receiving party, contends that any document or testimony has been erroneously designated "Proprietary", "Trade Secret", "Confidential", "Privileged" or "Of Otherwise Sensitive Commercial Information" and subject to this Order, the objecting party shall nevertheless treat the document as a "Protected Document" and the testimony as "Protected Testimony" unless and until the objecting party either (a) obtains the producing party's written permission to do otherwise or (b) obtains an order of the Court finding that the document or testimony is not "Proprietary", "Trade Secret", "Confidential", "Privileged" or "Of Otherwise Sensitive Commercial Information".

8. "Protected Documents", the material contained therein and "Protected Testimony" shall not be used or shown, disseminated, copied or in any way communicated to anyone for any purpose whatsoever other than "Qualified Persons", as defined above. Except as provided in paragraph 4 above, requesting or receiving parties shall keep all "Protected Documents", the material contained therein and "Protected Testimony" confidential from all persons.

9. Before being given access to any "Protected Document" or "Protected Testimony", each "Qualified Person" to whom a requesting or receiving party or his representatives intend to deliver, exhibit or disclose any "Protected Document", material contained thereon or "Protected

Testimony", such "Qualified Person" shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree, in writing, to be bound by its terms by execution of the form attached hereto as Exhibit "A". Counsel for the requesting or receiving party shall maintain a list of all "Qualified Persons" to whom any "Protected Document", material contained therein or "Protected Testimony" is provided, specifying the "Protected Document", material or "Protected Testimony" provided to the "Qualified Person" and that list shall be available for inspection by the Court and by the producing party at any time.

10.     Counsel for a requesting or receiving party shall keep records of all copies of each "Protected Document" or "Protected Testimony" made and/or distributed, in whole or in part, or any excerpts thereof to "Qualified Persons".  Any copies so distributed shall be returned to the respective counsel of the requesting or receiving party immediately upon the completion of the "Qualified Person's" retention in this case.

11.     To the extent that any "Protected Document", or information obtained therefrom, is used in the taking of depositions, all such "Protected Documents" and information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the "Protected Documents", "Protected Testimony" or information.  If a "Protected Document" is used in any deposition, the reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order.  The reporter shall separately label the "Confidential" portions of the deposition transcript.  Any "Protected Documents" marked as exhibits shall be kept in a separate sealed envelope, with the envelope marked to reflect that the contents are subject to the Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order in substantially the same form as follows below:

This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof displayed, or revealed except by order of the Court, or pursuant to written stipulation of the parties.

12.    Documents that are the subject of this protective order may be filed under seal only if a sealing order is first obtained in compliance with Local Rule 141.

13.    No requesting or receiving party, or "Qualified Person", who receives copies of any "Protected Documents" or "Protected Testimony" or any part, portion or excerpt thereof produced in accordance with this Protective Order, is authorized to disseminate or distribute in any manner, all or any part of "Protected Documents" or "Protected Testimony" to any other person, firm, corporation or organization, without the prior written consent of the producing or testifying party or upon further order of this Court.

14.    That all documents, information, or other data produced by a party, which are the subject of this Protective Order, shall be used for no purpose other than to prepare for trial regarding the issues of this litigation.

15.    Within twenty (20) days from and subsequent to the conclusion of this litigation, including any appeals, either (a) by compromise settlement, (b) by stipulated dismissal, (c) by entry of judgment, or (d) by conclusion of any appeals, whichever shall occur first, copies of all "Protected Documents", "Protected Testimony" or other materials subject to this Protective Order shall be retrieved by the party who sought their production and shall be returned to counsel for the producing or testifying party, including all copies of all "Protected Documents", "Protected Testimony" excerpts, digests, summaries, indices or testimony relating thereto, in whatever form, including copies provided to experts, or any person, firm, corporation or organization obtaining the document as a "Qualified Person".

16.    No requesting or receiving party, their counsel or experts, shall under any circumstances sell, offer for sale, advertise, or otherwise publicize either the contents of "Protected

**AMENDED STIPULATED PROTECTIVE ORDER**

Documents" or "Protected Testimony", or the fact that the requesting or receiving party has obtained confidential and/or privileged documents from the producing or testifying party.

17.     Neither the identity nor the contents of the documents produced herein may be used in connection with any other lawsuit or for any purpose whatsoever other than the preparation and trial of this action unless obtained from some other source or contained in public record.

18.     This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained experts, and the persons or organizations over which they have control.

19.     The production, publication, dissemination or other use of the documents identified and designated as confidential and provided hereunder to Plaintiffs' counsel of record or by any other person to whom the documents are disseminated or disclosed by Plaintiffs' counsel of record for use in any manner, unrelated to the needs of this particular case is expressly prohibited and it is expressly understood and agreed that any such person who violates the terms and conditions of this Protective Order consents to the jurisdiction of this Court and may be subject to sanctions under Illinois law in the event of unauthorized use.  This paragraph is not applicable to any document produced herein which is a matter of public record, which was received from another source, or which has been admitted into evidence at trial.

20.     After termination of this litigation, including any appeals, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have jurisdiction over the parties and recipients of the "Protected Documents" or "Protected Testimony" for enforcement of the provisions of this Protective Order following termination of the litigation.

**AMENDED STIPULATED PROTECTIVE ORDER**

21.     Neither the production of the documents, nor the inspection thereof, nor any testimony, in deposition or otherwise, pertaining to such documents shall constitute a waiver of the right of any party to claim in this action or otherwise that said documents, or any portion thereof, are privileged or otherwise non-discoverable or are not admissible in evidence in this action or in any other proceeding.

SO ORDERED:

Dated:  August 15, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE


Approved as to form and content:


 /s/ John Airola_____                    /s/  Mark Harris_____
John Airola                                          Mark Harris
Counsel for Plaintiffs                          Counsel for Plaintiffs


 /s/ John Coleman_____
John P. Coleman
Bolling & Gawthrop
Counsel for Defendants

**AMENDED STIPULATED PROTECTIVE ORDER**

## **EXHIBIT A**

STATE OF
COUNTY OF

_____, being first duly sworn, states:

1.      I have read and been provided with a copy of the Stipulated Protective Order ("Protective Order"), consisting of eight (8) pages, and I understand the requirements of the Protective Order and agree to be bound by its terms.

2.      I understand that the documents which are disclosed or provided to me pursuant to the Protective Order are confidential, and I further understand and agree that I may not use such documents for any purpose other than the preparation of trial of the above-captioned litigation, and that I may not divulge any copies or the identity or substance of any of the documents disclosed to me except in the preparation and trial of this case.

3.      I further understand and agree that I must return all documents disclosed pursuant to this Protective Order and all copies thereof to counsel for SUNBEAM PRODUCTS, INC. upon the termination of this litigation.

4.      I further acknowledge and agree that by signing this Affidavit, I submit myself personally to the jurisdiction of the above-captioned Court for the purposes of enforcement of the Protective Order, in connection with the allegations of improper disclosure or use, if any, of the disclosed materials.

_____

Sworn to before me and subscribed in my presence this _____ day of _____, 20__.

_____
Notary Public

**AMENDED STIPULATED PROTECTIVE ORDER**